UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| LAURANETTA CORNETT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:22-cv-00219-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MARTIN O'MALLEY, *Commissioner of* | ) | **&** |
| *Social Security*, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Lauranetta Cornett seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner of Social Security's administrative decision denying her application for Disability Insurance Benefits and Supplemental Security Income. For the reasons stated below, the Court will **DENY** Ms. Cornett's Motion for Summary Judgment [R. 20] and **GRANT** that of the Commissioner [R. 22].

**I**

Ms. Cornett filed her application for benefits on April 11, 2019, alleging disability beginning on August 31, 2018. [R. 15 at 322.] Her application was denied initially and upon reconsideration. *Id*. Cornett then submitted a written request for a hearing. *Id*. Administrative Law Judge Boyce Crocker conducted a hearing on March 1, 2021, where a vocational expert testified. *Id*.

Ms. Cornett alleges disability due to a number of impairments. [*See* R. 20 at 4.] She suffers from obesity, obstructive sleep apnea, diabetes, degenerative disc diseases, history of right knee surgery, and total knee arthroplasty. *See id*.

In evaluating a claim of disability, the ALJ conducts a five-step analysis. *See* 20 C.F.R. § 404.1520.[1] First, if a claimant is performing a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is "disabled." 20 C.F.R. § 404.1520(d). Before moving to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which assesses an individual's ability to perform certain physical and mental work activities on a sustained basis despite any impairments experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of her past relevant work, and if a claimant's impairments do not prevent her from doing past relevant work, she is not "disabled." 20 C.F.R. § 404.1520(e). The plaintiff has the ultimate burden of proving compliance with the first four steps. *Kyle v. Comm'r Of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010). Fifth, if a claimant's impairments (considering her RFC, age,

---

[1] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

education, and past work) prevent her from doing other work that exists in the national economy, she is "disabled." 20 C.F.R. § 404.1520(f).

In this case, the ALJ issued his written decision on July 16, 2021. [R. 15.] At Step 1, the ALJ found that Cornett has not engaged in substantial gainful activity since the application date. *Id.* at 22. At Step 2, the ALJ found that Cornett had the following severe impairments: "(1) Obesity; (2) Obstructive sleep apnea; (3) Diabetes; (4) Degenerative disc disease of cervical spine, status post anterior cervical discectomy and fusion; (5) History of a right knee surgery; (6) Total knee arthroplasty; (7) Degenerative disc disease of the lumbar spine; and (8) Degenerative joint disease of the left shoulder." *Id.* At Step 3, the ALJ concluded that Cornett did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526, and 416.926)," so his analysis continued to the next step. *Id*. at 23. At Step 4, the ALJ concluded that Cornett has an RFC to "perform sedentary work" with additional postural, manipulative, and environmental limitations. *Id.* at 24. Those limitations are:

> The claimant can occasionally climb ramps and stairs; no climbing ladders, ropes, or scaffolds; frequently balance; occasionally stoop, kneel, crouch, and crawl; can occasionally reach overhead with the bilateral upper extremities; can frequently handle and finger with the bilateral upper extremities; should avoid concentrated exposure to loud noise working environment, vibration, unprotected heights and moving machinery.

*Id.* Finally, because the ALJ concluded that "the claimant is able to perform the work of a receptionist as it is generally performed in the national economy," he did not need to proceed to Step Five. *Id.* at 30. As a result, he concluded that Ms. Cornett was not disabled. *Id.* The Appeals Council found no reason for review. *Id.* at 5. Cornett now seeks judicial review in this Court.

## II

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (citation omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

**A**

The Plaintiff first argues that the ALJ erred in concluding that Dr. Mayer's statements, which stated that the Plaintiff could not return to work, were not medical opinions. [R. 20 at 6-7.] The Plaintiff asserts that the ALJ should have applied the "treating physician rule" and given "controlling weight" to Dr. Mayer's statements. *Id.* at 7. The Commissioner is correct to note that the "treating physician rule" and the "controlling weight" standard have been eliminated. Ms. Cornett relies heavily on 20 C.F.R. § 404.1527; however, this regulation is inapplicable because the Plaintiff's claim was filed after March 27, 2017. [*See* 20 C.F.R. § 404.1527; R. 15 at 322 (noting Plaintiff's claim was filed in 2019).] Rather, 20 C.F.R. § 404.1520c is the appropriate regulation. Under 20 C.F.R. § 404.1520c, there is no longer a "treating physician rule," nor is there a "controlling weight" standard. *See Snyder v. Comm'r of Soc. Sec.*, 2023 WL 3673265, at *5 (6th Cir. May 26, 2023) ("[T]he regulations were amended in March 2017 to eliminate the 'treating physician rule.'"); 20 C.F.R. § 404.1520c(a). Therefore, Plaintiff's statutory argument as it relates to 20 C.F.R. § 404.1527 is inapplicable.

Further, the Plaintiff's ability to work is a determination that is specifically left to the Commissioner. 20 C.F.R. § 404.1520b(c)(3)(i); *see also Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 493 (6th Cir. 2010) (physician's statement that a claimant is "unable to work" is a statement on an issue reserved to the Commissioner). To constitute a permissible medical opinion, the statement must be "from a medical source about what you can still do despite your impairment." 20 C.F.R. § 404.1513(a)(2)(i). Dr. Mayer simply stated an opinion that was intended to be dispositive on the ultimate issue of disability, which is not a medical opinion. [R. 15 at 29.] Therefore, the ALJ properly determined that Dr. Mayer's statement was not a medical opinion.

**B**

Cornett also argues that the ALJ did not properly evaluate her subjective pain complaints. Specifically, Cornett argues that the ALJ erred in not considering the alleged episode during her administrative hearing where she "became seized with pain." [R. 20 at 9.] However, just because the ALJ did not explicitly include the evidence in his opinion, does not mean he did not sufficiently consider the evidence. In fact, the Sixth Circuit has noted that "an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006) (quotations omitted). Further, an ALJ does not have to "accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). In his opinion, the ALJ found that Ms. Cornett's symptoms were "not entirely consistent with the medical evidence and other evidence in the record," concluding that Ms. Cornett was not disabled. [R. 15 at 25.] The Court does not find compelling reasons to disturb the ALJ's finding. Therefore, the ALJ properly evaluated Cornett's pain complaints.

**C**

Last, Ms. Cornett argues that the ALJ failed to provide evidence that "other work exists in significant number in the national economy that the [Plaintiff] can do" despite her impairments. [R. 20 at 13.] As the Commissioner points out, however, the Plaintiff misunderstands the law. The Plaintiff takes issue with the Commissioner's alleged failure to complete step five of the sequential evaluation process. 20 C.F.R. § 1520(a). While the Plaintiff is correct that the burden shifts to the Commissioner at Step Five, case law in the Sixth Circuit clearly dictates that "[i]f the claimant is found to be conclusively disabled or not disabled at any

step, the inquiry ends at that step." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). Because the ALJ concluded that Ms. Cornett was not disabled at Step Four, there was no requirement that the ALJ proceed to Step Five of the inquiry. [R. 15 at 29.] Accordingly, Ms. Cornett's argument regarding Step Five is denied.

### III

Thus, after reviewing the record, the Court finds that the ALJ's decision finding that Ms. Cornett is not disabled is supported by substantial evidence. Even if the evidence could also support another conclusion, the ALJ's decision must stand because the evidence reasonably supports his conclusion. *See Her*, 203 F.3d at 389-90; *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

**ACCORDINGLY**, and the Court being sufficiently advised, it is hereby ordered as follows:

1. Cornett's Motion for Summary Judgment [R. 20] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [R. 22] is **GRANTED**; and

3. **JUDGMENT** in favor of the Commissioner will be entered contemporaneously herewith.

This the 19th day of March, 2024.

Gregory F. Van Tatenhove
United States District Judge